BOWMAN *et al.* v. BILBY.

No. 141.    Opinion Filed September 14, 1909.

(104 Pac. 1078.)

JUSTICES OF THE PEACE—Jurisdiction—Forcible Entry and Detainer. Section 18, art. 7, Const., which provides in part that "the office of justice of the peace is hereby created, and until otherwise, provided by law, courts of justices of the peace shall have, coextensive with the county, jurisdiction as examining and committing magistrates in all felony cases, and shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars, exclusive of interest and costs, and concurrent jurisdiction with the county court in all misdemeanor cases in which the punishment does not exceed a fine of two hundred dollars or imprisonment in the county jail for not exceeding thirty days, or both such fine and imprisonment," is only a limitation upon the jurisdiction of justices of the peace "until otherwise provided by law," and did not prohibit the constitutional convention from putting in force in the state by section 2 of the Schedule the laws of the territory of Oklahoma conferring jurisdiction on justices of the peace in forcible entry and detainer cases.

(Syllabus by the Court.)

*Error from Tulsa County Court; N. J. Gubser, Judge.*

Unlawful detainer in a justice's court by John S. Bilby

against Guy Bowman and others. There was a judgment for plaintiff, and defendants appealed to the county court, where judgment was again rendered for plaintiff, and defendants bring error. Affirmed.

*Roach & Bradley,* for plaintiffs in error.

*Carroll & Walker* and *West, Mellette & Jones,* for defendant in error.

KANE, C. J. This is an action in forcible entry and unlawful detainer, filed before G. M. Litson, a justice of the peace for Tulsa county; the defendant in error being plaintiff below, and the plaintiffs in error defendants. The defendants demurred to the complaint on the ground that the justice of the peace was without jurisdiction of the subject-matter of the action. The justice overruled the demurrer, and, the defendants declining to answer, an appeal was taken from this ruling on the demurrer to the county court. The county court also overruled the demurrer, and the defendants, again declining to answer, have appealed to this court to have the judgment of the county court reviewed.

Counsel for plaintiffs in error insists that the county court erred in holding that a justice of the peace had jurisdiction over the action of forcible entry and unlawful detainer. They argue that the Constitution of the state confines the jurisdiction of justices of the peace to the following cases: (1) As examining and committing magistrates in all felony cases; (2) in all misdemeanor cases in which the punishment does not exceed a fine of $200 or imprisonment for 30 days, or both such fine and imprisonment; (3) civil cases where the amount involved does not exceed $200. Section 18, art. 7, Const., provides:

"The office of justice of the peace is hereby created, and, until otherwise provided by law, courts of justices of the peace shall have, coextensive with the county, jurisdiction as examining and committing magistrates in all felony cases, and shall have jurisdiction, concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars, exclusive of interest and costs, and concurrent jurisdiction with the

county court in all misdemeanor cases in which the punishment does not exceed a fine of two hundred dollars or imprisonment in the county jail for not exceeding thirty days, or both such fine and imprisonment. * * *"

It will be noticed by the foregoing excerpt that it was not intended to place a hard and fast limitation upon the jurisdiction of justices of the peace, but such limitation was only to continue "until otherwise provided by law." Section 21 of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 277) provides, in part that:

"The officers of the state government formed in pursuance of said Constitution, as provided by said constitutional convention, shall proceed to exercise all the functions of such state officers; and all laws in force in the territory of Oklahoma at the time of the admission of said state into the Union shall be in force throughout said state except as modified or changed by this act or by the Constitution of the state and the laws of the United States not locally inapplicable shall have the same force and effect within said state as elsewhere within the United States."

The constitutional convention by ordinance irrevocable accepted the terms of the enabling act, and by the Schedule gave effect to the foregoing provision. The preamble to the Schedule reads:

"In order that no inconvenience may arise by reason of a change from the forms of government now existing in the Indian Territory and in the territory of Oklahoma, it is hereby declared as follows:"

Section 2 of the Schedule, following the preamble, provides that:

"All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law."

It is clear that the state adopted the territorial law for the reason stated in the preamble to the Schedule; that is, in order that "no inconvenience may arise by reason of a change from the

forms of government now existing in the Indian Territory and in the territory of Oklahoma." Section 5086, Wilson's Rev. & Ann. St. 1903, which was in force in the territory of Oklahoma at the time of the adoption of the Constitution, provides that:

"Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same; and if it be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held by force, or that the same, after a lawful entry, are held unlawfully, then said justice shall cause the party complaining to have restitution thereof."

Section 5087, Wilson's Rev. & Ann. St. 1903, prescribes the class of cases this remedy may be applicable to. It reads as follows:

"Proceedings under this article may be had in all cases against tenants holding over their terms; in sales of real estate on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree, by virtue of which such sale was made; in sales by executors, administrators, guardians, and on partition, where any of the parties to the partition were in possession at the commencement of the suit, after such sales, so made, on execution, or otherwise, shall have been examined by the proper court, and the same, by said court, adjudged legal; and in cases where the defendant is a settler or occupier of lands and tenements, without color of title, and to which the complainant has the right of possession. This section is not to be construed as limiting the the provisions of the first preceding section."

It was evidently the intention of the framers of the Constitution to leave the question of the jurisdiction of justices of the peace open to be fixed by the proper legislative authority, and in the meantime, to avoid inconvenience, to adopt by the schedule the old Oklahoma Territory statutes on the subject. The enactment of section 2 of the Schedule had precisely the same effect as if the legislative assembly had convened immediately after state-

hood and passed a statute on the subject of forcible entry and detainer, the same in purport as that in force in Oklahoma Territory when statehood became a fact.  If the Legislature could pass such a law, and there seems to be no room for doubt upon this proposition, the constitutional convention could also do so by adopting the law upon the subject from the territory of Oklahoma in conformity with the enabling act.  This, to our mind, is what it did; and it was done in order that no inconvenience may arise by reason of the change from the territorial form of government to statehood.  We know of no greater inconvenience that could have been caused by the change than the destruction of an efficacious method of having real property forcibly and tortiously taken speedily retaken from the trespasser and restored to him whose possession was thus forcibly and unlawfully interrupted.  We believe the constitutional convention had the power to, and did by the adoption of section 2 of the Schedule, confer jurisdiction on justices of the peace in forcible entry and detainer cases by putting in force in the state the laws in relation to that subject that were in force in the territory of Oklahoma at the time the Constitution was adopted.

The judgment of the court below is affirmed.

All the Justices concur.