LYNN *et al.* v. JACKSON.

No. 597.   Opinion Filed July 12, 1910.

(110 Pac. 727.)

1.   FORCIBLE ENTRY AND DETAINER—Jurisdiction—Justices of the Peace.   Justices of the peace under the Constitution were given jurisdiction in forcible entry and detainer cases by section 2 of the Schedule, extending and continuing in force the laws of the territory of Oklahoma.

2.   APPEAL AND ERROR—Review—Objections to Instructions—Briefs.   Under rule 25 of the court (20 Okla. xii, 95 Pac. viii), where a party complains of the giving or refusal of instruc-

tions, he should set out in his brief **totidem verbis** separately the portions · to which he objects or may save exceptions. A general complaint that the court erred in giving or refusing instructions without complying with this rule will not receive a consideration thereof at the hands of the court.

(Syllabus by the Court.)

*Error from Kay County Court; Claude Duval, Judge.*

Action by S. G. Jackson against Maude Lynn and Teddy Lynn. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. D. Clark* and *J. F. King,* for plaintiffs in error.
*C. L. Pinkham* and *W. S. Cline,* for defendant in error.

DUNN, C. J. This case presents error from the county court of Kay county, and arises out of an action of forcible entry and detainer begun before a justice of the peace of that county, and appealed and tried *de novo* in that court. The first question presented for our consideration attacks the jurisdiction of a justice of the peace to entertain such action, where the same was brought prior to the act of the Legislature of 1907-1908, approved May 20, 1908. This question was presented and passed on by this court in the case of *Bowman et al. v. Bilby,* 24 Okla. 735, 104 Pac. 1078, in which it was held that section 18 of article 7 of the Constitution did not prohibit the Constitutional · Convention from putting in force in the state by section 2 of the Schedule the laws of the territory of Oklahoma conferring jurisdiction upon justices of the peace in forcible entry and detainer cases, and that jurisdiction was conferred thereby, and was such as had existed under the statutes of the territory of Oklahoma.

Counsel also argue in their brief that the court erred in giving one of the instructions, and in refusing to give certain other instructions, but these instructions are not set out in the brief as required by rule 25 of this court (20 Okla. xii, 95 Pac. viii), which provides:

"Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance

of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto. Also where a party complains of instructions given or refused, he shall set out in *tolidem verbis* in his brief separately the portions to which he objects or may save exceptions."

Counsel for defendant in error invoke and insist upon the foregoing rule. This court in the case of *Terrapin v. Barker, infra,* 109 Pac. 931, said in the syllabus:

"Under rule 25 of this court (20 Okla. xii, 95 Pac. viii), where a party complains of the admission or rejection of testimony, he should set out in his brief the full substance of the testimony admitted or rejected. A general complaint that the court erred in admitting or rejecting testimony without specifying the testimony to which the complaint is directed, and his objections thereto will not be considered."

Notwithstanding the foregoing, however, we have carefully considered the issues, the evidence, and the instructions given and refused, as disclosed by the record, and we are unable to discern error in the action of the court therein. The statute to which counsel call attention does not in our judgment have reference to the facts as disclosed by the evidence, and the verdict finds ample support therein.

Finding no error, the judgment of the trial court is accordingly affirmed.

All the Justices concur.