## ERWIN v. WHEELER.

No. 2715. Opinion Filed October 3, 1911.

Rehearing Denied January 12, 1912.

(120 Pac. 1098.)

**ELECTIONS—Regulations—Statutory Provisions—Repeal.** The act of March 13, 1909, entitled ''An act regulating elections in cities and towns; requiring nominations by primaries; prescribing the time for such elections; repealing section 8, article 1, chapter 14 of the St. Okla. 1893, as amended by section 1, article 1, chapter 6, Sess. Laws 1897; also repealing sections 9 and 10 of article 1, chapter 14, of the St. Okla. 1893; also repealing sections 12, 13, 14, 15, 16, and 17 of St. Okla. 1893, and declaring an emergency'' (Sess. Laws 1909, c. 16, art 2, p. 262) repealed section 841, Comp. Laws 1909, which provides that the inspectors at municipal elections shall make a certified statement over their signatures of the persons elected to fill the several offices in such municipality, and file the same with the county clerk in the county within ten days after the date of such election.

(Syllabus by the Court.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Application by W. E. Erwin for mandamus to L. G. Wheeler to require him to turn over the records, books, and documents

belonging to the office of town clerk of the town of Cushing, Payne county. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

*M. C. Atchison* and *Devereux & Hildreth,* for plaintiff in error.

*J. W. Reece* and *Robert A. Lowry,* for defendant in error.

WILLIAMS, J. On the 4th day of April, 1911, the plaintiff in error was elected to the office of town clerk of the town of Cushing, Payne county, receiving a majority of the votes cast for such office, and in due time received his certificate from the county election board. The defendant in error refused, after demand, to turn over the records, books, and documents belonging to said office and the seal of said town. Mandamus was then sought to require him so to do.

The question essential for the determination of this case is whether the act of March 13, 1909, entitled "An act regulating elections in cities and towns; requiring nominations by primaries; prescribing the time for such elections; repealing section 2, article 1, chapter 14 of the St. Okla. 1893, as amended by section 1, article 1, chapter 6, Sess. Laws 1897; also repealing sections 9 and 10 of article 1, chapter 14, of the St. Okla. 1893; also repealing sections 12, 13, 14, 15, 16 and 17 of said St. Okla. 1893, and declaring an emergency" (Sess. Laws 1909, c. 16, art. 2, p. 262), has the effect of repealing section 841, Comp. Laws 1909, which provides for the election inspectors to certify over their signatures the persons elected to fill the several offices of said town, and to file the same with the county clerk in the county, etc.

Section 3 of the act of March 13, 1909 (Sess. Laws 1909, p. 264), provides:

"The law governing the general elections in the state of Oklahoma shall in all respects govern the election herein provided for, except where otherwise provided by this act. All violations of this act shall be subject to the same penalties provided by law for violations of the general election law."

Section 5 of the same act also provides:

"The county election board shall provide all ballots as nearly in conformity with the method provided for other elections as is practical. The expense of conducting such elections shall be

properly certified by said county election board to the city council or town board of trustees, who shall make proper appropriations therefor."

The act of March 13, 1909, is complete within itself, providing what officers shall be elected in cities, towns, and villages, when their term of office shall commence and expire; that the election of such officers shall be governed by the general election laws of the state, except where it is otherwise provided by said act; that the election board shall provide the ballots, and shall have supervision over the election and certify the expense of conducting such election to the city council or town board of trustees.

The sections that are expressly repealed by the act of March 13, 1909, deal with the same subject-matter as said act, among which is section 16, art. 1, c. 15, of the St. Okla. 1893. The Legislature of the territory of Oklahoma, on March 16, 1903, amended section 16 by omitting the office of marshal. Sess. Laws 1903, p. 106. On February 20, 1905, said section as amended on March 16, 1903, was again amended (Laws 1905, c. 8, art. 10, sec. 2) so as to include the office of marshal, and, further, to make it the duty of the board of trustees, instead of the inspectors, to determine by lot who were elected to such municipal office in the event of a tie.

Whilst repeals by implication are as a rule not favored in law, yet when it is clear that it was the intention of the Legislature that a certain complete act should be substituted for all pre-existing statutes on the subject, it is the duty of the courts to so hold. *Ripey & Son v. Art Wall Paper Mill,* 27 Okla. 600, 112 Pac. 1119. In determining what the Legislature intended, we may look to the entire act, including the context. What was intended by the Legislature by repealing said section 16, which had been superseded in turn by the amendatory acts of March 16, 1909, and February 20, 1905, especially in view of the fact that practically all other pre-existing statutes relating to elections in towns and cities were expressly repealed? We think that it is clear that it was intended that the act of March 13, 1909, repeal by substitution said section 841.

The judgment of the trial court is reversed and remanded, with instructions to grant a new trial.

All the Justices concur.