STATE *ex rel.* WOOLRIDGE v. BOARD OF EDUCATION OF OKLAHOMA CITY *et al.*

No. 4045. Opinion Filed November 26, 1912.

(128 Pac. 140.)

**SCHOOLS AND SCHOOL DISTRICTS**—Election of Board of Education —Liability for Expenses. A municipality under a charter form of government, framed by virtue of sections 3a and 3b, art. 18, of the Constitution, providing for a board of education and the election of the members thereof by virtue of the grant by the act of March 28, 1910 (section 1, c. 113, Sess. Laws 1910, p. 238), under sections 7 and 8, art. 1, c. 16, Sess. Laws 1909, at page 239, is liable for the expense of elections held to elect members of said school board.

    (a) The board of education, under the existing statutes, is not liable for such expenses.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

State ex rel. Woolridge v. Board of Education of Oklahoma City et al.

Action by the State, on the relation of R. A. Woolridge, against the Board of Education of the City of Oklahoma City and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*V. V. Hardcastle, Ross N. Lillard, George A. Matlack,* and *J. W. Johnson,* for plaintiff in error.

*Vaught & Ready,* for defendants in error.

WILLIAMS, J. R. A. Woolridge, the relator herein, was appointed inspector of election in precinct No. 7 of ward No. 3 of the city of Oklahoma City by the county election board of Oklahoma county, and on April 2, 1912, performed his duty as such inspector in conducting an election in said precinct, in which members of said board of education and a treasurer thereof were elected for the ensuing term. The duties of said inspector were performed in accordance with the laws of the state. He alleges that he is legally entitled to receive as compensation therefor a certain sum, a claim for which has been duly made and certified.

Oklahoma City previously adopted a charter form of government under the powers contained in sections 3a and 3b of article 18 of the Constitution. Under the terms of this charter, no municipal officers were to be elected during the year 1912, but the county election board proceeded to hold, upon the date fixed by the charter for holding, the municipal elections to elect the members of the board of education of said city. The proceedings were regular and in accordance with the terms of said charter, and a full membership of said board were elected. In these elections voters throughout the entire district (part of which lies outside the city limits) participated.

The reason alleged for the election of the whole membership of the said board at said time was that no election had been held during 1911; and that the members whose terms had not expired the year before did so on the first Monday in May, 1912.

The city commissioners declined to pay the expenses of holding said election, on the ground that no law exists authorizing its payment. That is the question here for determination.

By act March 28, 1910 (section 1, c. 113, Sess. Laws 1910, p. 238), it is provided:

"A separate ballot box for school purposes shall be provided by the city clerk, and ballots for school officers deposited therein. It shall be the duty of the city clerk to prepare suitable places for holding such elections. At such annual election there shall be a board of education, consisting of one member from each ward elected by the qualified voters thereof, who shall hold his office for a term of two years and until his successor is elected and qualified; provided, that no member of the board of education shall be a member of the council, nor shall any member of the council be a member of the board of education; provided, further, that the officers and members of boards of education in cities of the first class shall hold their offices for the full term to which they were elected; and provided, further, that in cities within the state of Oklahoma, which have heretofore adopted, or may hereafter adopt, a charter form of government, such cities shall have the power of fixing the number of members of their board of education, and their terms of office, and may, subject to the Constitution and general laws of the state, regulate the time and manner of the election of the members of the board of education, and their terms of office, within such charter cities, and shall further have power, if there be any territory outside the corporate limits of such city, to attach for voting purpose such territory to an adjoining voting precinct of an adjoining ward of such city."

This act was sustained by this court in *Cotteral et al. v. Barker et al.,* 34 Okla. 533, 126 Pac. 211.

The city clerk is required to provide a separate ballot box and ballots for the election of school officers, and to prepare suitable places for holding such elections. At the annual municipal election the board of education, consisting of one member from each ward, who shall hold office for a term of two years, with a proviso that in cities which adopt a charter form of government such cities have the power of fixing the number of members of their board of education and their terms of office, must be elected. No provision is made by statute for the payment by the school board of the expenses of holding such election.

Sections 7 and 8 of article 1 of chapter 16, Sess. Laws 1909, provide that the members of the precinct election board shall be allowed $2.50 each for holding and conducting a municipal elec-

tion, same to be paid by their respective towns or cities; and that official counters shall be chosen for cities of the first class as in general elections, who shall perform in such cities, for all elections thereunder, the duties imposed upon official counters for general elections, to be paid $2 each for the performance of the respective duties in each election. Sess. Laws 1909, p. 239; Erwin v. Wheeler, 31 Okla. 331, 120 Pac. 1098.

We conclude that the school board is not liable for the expenses of holding this election, but that the city is.

The judgment of the lower court will be affirmed.

All the Justices concur.