## LEATHERMAN *et al.* v. INCORPORATED TOWN OF ADDINGTON.

No. 2541.   Opinion Filed February 18, 1913.

Rehearing Denied May 13, 1913.

(132 Pac. 129.)

**MUNICIPAL CORPORATIONS—Sidewalk Assessments—Power to Levy.** Section 7 of article 10 of the Constitution of Oklahoma, which provides that "the Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefited thereby, homesteads included, without regard to a cash valuation," is not repugnant either to section 847, Comp. Laws 1909 (Sess. Laws 1903, p. 107, c. 7, art. 1), which confers on the board of trustees of cities, towns, and villages the power to "lay out, open, grade and otherwise improve the streets, alleys, sewers, sidewalks and crossings and to keep them in repair and to vacate the same," or to sections 860, 861, and 862, Comp. Laws 1909 (sections 671, 672, and 673, St. Okla. 1893), which provide that special taxes assessed for the purpose of improving the streets or for building or repairing sidewalks of the town shall be a lien on the lots or pieces of ground subject to the same, and specify what improvements shall be included in such special tax, or to section 977, Comp. Laws 1909 (Sess. Laws 1897, p. 89, c. 7, art. 3), and the six following sections which prescribe certain procedure for such special assessments; and these provisions were extended in force in the state by the terms of section 2 of the Schedule to the Constitution, and under their terms, and the provisions of section 10 of said Schedule an incorporated town has the power to levy assessments against abutting property for the purpose of laying sidewalks.

(Syllabus by Rosser, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by C. L. Leatherman and others against the Incorporated Town of Addington. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Jones & Green,* for plaintiffs in error.
*Bridges & Vertrees,* for defendant in error.

Opinion by ROSSER, C. This was an action by C. L. Leatherman, Nellie N. Sutherland, and George M. McGee against the incorporated town of Addington to enjoin the levying of a special assessment for sidewalk purposes. The question involved in this appeal is whether an incorporated town, not a city of the first class, has the power to levy special assessments against the abutting property for the . purpose of paying for sidewalks. It is the contention of the plaintiffs in error, who were the plaintiffs below, that incorporated towns and villages have no such power.

It is contended, first, that section 7 of article 10 of the Constitution impliedly repealed all existing laws of the territory of Oklahoma with reference to special assessments. That section is as follows:

"The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon the property benefited thereby, homesteads included, without regard to a cash valuation."

It is contended that until there is legislation vitalizing this section of the Constitution . and authorizing the incorporated towns and villages to levy a special assessment the power does not exist. It is also contended that the act of Legislature, approved April 17, 1908 (Sess. Laws 1907-08, p. 166), authorizing cities of the first class to improve streets, is the only law in force upon this subject. These contentions cannot be sustained. Section 2 of the Schedule to the Constitution of Oklahoma is as follows:

"All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation, or are altered or repealed by law."

Section 10 of the Schedule is as follows:

"Until otherwise provided by law, incorporated cities and towns, heretofore incorporated under the laws in force in the territory of Oklahoma or in the Indian Territory, shall continue their corporate existence under the laws extended in force in

the state, and all officers of such municipal corporations at the time of the admission of the state into the Union shall perform the duties of their respective offices under the laws extended in force in the state, until their successors are elected and qualified * * * by law: Provided, that all valid ordinances now in force in such incorporated cities and towns shall continue in force until altered, amended, or repealed."

The Act of April 17, 1908, only applied to cities of the first class, and did not purport to legislate with reference to incorporated towns and villages. If incorporated towns and villages had the power to levy special assessments for sidewalks up to the time of the admission of the state into the Union, the law which gave them that right was extended by section 2 of the Schedule and put in force in the state after its admission into the Union. *State ex rel. v. Ledbetter,* 22 Okla. 251, 97 Pac. 834. See, also, *Bowman v. Bilby,* 24 Okla. 735, 104 Pac. 1078; *Lynn v. Jackson,* 26 Okla. 852, 110 Pac. 727. The only question to determine, then, is whether or not the power existed prior to statehood under any law in force at the time of the admission of the state into the Union.

Section 847, Comp. Laws 1909, provides that the board of trustees for all cities, towns, and villages shall have the following powers:

"Viz.: * * * (9) To lay out, open, grade and otherwise improve the streets, alleys, sewers, sidewalks and crossings, and to keep them in repair and to vacate them."

This act was passed in 1903. Sections 860, 861, and 862, Comp. Laws 1909 (sections 671, 672, and 673, St. Okla. 1893), provide that special taxes assessed for the purpose of improving the streets, or for building or repairing sidewalks of the town, shall be a lien on the lots or pieces of ground subject to the same, and provide when the assessment shall be due and payable, and also what work or improvements may be included in the special assessment or taxes levied for the improvements. Section 977, Comp. Laws 1909, and the six sections following, provide for the issuance of warrants for the collection of special assessments, and provide how such warrant shall be filed and

notice of its issuance given, and for a penalty for nonpayment, and also provide that the warrant must be collected out of the property against which the assessment is made. These sections were enacted in 1897. Section 942, Comp. L. (St. Okla. 1893, sec. 752), is as follows:

"Any city, town or village organized under and by virtue of a special act or charter, or under and by virtue of any general law of Oklahoma, is hereby authorized and empowered by and through its proper municipal officers to lay out, open, grade and otherwise improve the streets, alleys, sewers, sidewalks and crossings therein, and to keep them in repair and to vacate the same."

It seems clear, in view of all these statutes, that incorporated towns and villages have the right to levy assessments upon abutting property for the purpose of building sidewalks.

The exact question was not before the court in the case of *Edwards v. Thrash,* 26 Okla. 472, 109 Pac. 832, 138 Am. St. Rep. 975, but the general question as to the power of trustees of an incorporated town or village was before the court in that case, and was considered by the court. The first paragraph of the syllabus is as follows:

"The trustees of an incorporated town or village organized under the laws of Oklahoma Territory as extended in force in the state after its erection, are authorized and empowered to lay out, open, grade, and otherwise improve the streets, alleys, sewers, sidewalks, and crossings therein, and to keep them in repair, and to vacate the same. (a) Such trustees are authorized, in the exercise of such municipal authority, to change the grade of the street."

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.