## SHULTISE v. TOWN OF TALOGA et al.

No. 3046.    Opinion Filed May 12, 1914.

(140 Pac. 1190.)

1.  CONSTITUTIONAL LAW — Municipal Corporations — Improvements—Sidewalks—Special Assessments.    The board of trustees of an incorporated town, organized in pursuance of the laws of Oklahoma Territory, as extended in force in the state by the terms of section 2 of the Schedule to the Constitution, and the provisions of section 10 of said Schedule, has the power to levy special assessments against abutting property for the purpose of laying sidewalks.  Leatherman v. Town of Addington, 37 Okla. 436, 132 Pac. 129.

2.  EMINENT DOMAIN—Taking Private Property Without Compensation—Statutes.    A statute that authorizes the trustees of an incorporated town, after notice to the abutting property owners, to construct sidewalks in front of their property, and, upon failure of owners to construct same, to construct such improvements and assess the cost thereof to the abutting property upon a frontage basis, and to issue a tax warrant for the actual cost of labor and material, obtained at the market price, and used for such improvements, and to make such tax warrant a lien against the property therein described, contravenes neither section 7 nor 24 of article 2 of the Constitution; hence such statute is not invalid on that account.

3.  ELECTIONS—Primaries—Statutes—Repeal.    The Act of March 13, 1909, entitled "An act regulating elections in cities and towns; requiring nominations by primaries; prescribing the time for such elections; repealing section 8, article 1, chapter 14 of the Statutes of Oklahoma, 1893, as amended by section 1, article 1, chapter 14, of the Statutes of Oklahoma, 1893, as amended by

section 1, article 1, chapter 6, Session Laws of Oklahoma, 1897; also repealing sections 9 and 10 of article 1, chapter 14, of the Statutes of Oklahoma, 1893; also repealing sections 12, 13, 14, 15, 16 and 17 of said Statutes of Oklahoma, 1893, and declaring an emergency'' (Sess. Laws 1909, c. 16, art. 2, p. 262)—repealed section 841, Comp. Laws 1909, which provides that the inspectors at municipal elections shall make a certified statement over their signatures of the persons elected to fill the several offices in such municipality, and file the same with the county clerk in the county within ten days after the date of such election.

(Syllabus by Sharp, C.)

*Error from District Court, Dewey County;*
*G. A. Brown, Judge.*

·Action by Milton Shultise against the Town of Taloga, D. R. Wright, R. E. Carmichael, and G. W. Kouns, as the board of trustees of the Town of Taloga, W. T. Bell, John Bremer, and J. M. Williams, as the County Treasurer of Dewey County, and his successor in office. From a judgment in favor of defendants, plaintiff brings error. Affirmed.

*W. P. Hickok,* for plaintiff in error.

*Robert E. Adams,* for defendants in error.

Opinion by SHARP, C. Plaintiff's action was instituted in the district court of Dewey county January 3, 1911, and, after answer was filed, the parties filed the following agreed statement of facts:

"Comes now Milton Shultise, the plaintiff above named, by his attorney, W. P. Hickok, and the town of Taloga, D. R. Wright, G. W. Kouns, and R. E. Carmichael, as the board of trustees of the town of Taloga, in Dewey county, Oklahoma, W. T. Bell, and John Bremer, and J. M. Williams, as the county treasurer of Dewey county, and E. L. Porter, his successor in office, defendants, by their attorney, Robt. E. Adams, and all of said parties do hereby submit the following agreed statement of facts and for all of the relevant, material, and competent evidence in said cause above named, and ask the court to consider same as the evidence in the case. Said facts are as follows, to wit:

"I.    That the town of Taloga, in Dewey county, Oklahoma, is, and was at all times hereinafter mentioned, a duly and legally incorporated town or village, organized, incorporated, and existing under and by virtue of the statutes of Oklahoma Territory, now state of Oklahoma.

"II.   That D. R. Wright, G. W. Kouns, and R. E. Car-
michael constitute the duly elected, qualified, and acting board
of trustees of the said town of Taloga, and were such duly
elected, qualified, and acting trustees at all times hereinafter men-
tioned.

"III.   That Milton Shultise, plaintiff herein, is, and was at
all times hereinafter mentioned, the owner in fee simple and in
possession of the following described real estate in Dewey coun-
ty, Oklahoma, to wit: Lots 1 and 2, in block 68, and lots 11 and
12, in block 54, all in the original town of Taloga, Oklahoma,
according to the official plat thereof on file in the office of the
register of deeds of Dewey county, Oklahoma.

"IV.   That the board of trustees did, on or about the 6th
day of July, A. D. 1909, in a duly and regularly called and con-
stituted meeting of said board, introduce, consider, and pass an
ordinance designated as Ordinance No. 14, a copy of which said
Ordinance No. 14 is hereto attached, referred to, and marked
Exhibit A, and made a part hereof.   That said ordinance was
duly and legally signed by the president of said board of trustees,
D. R. Wright, with the seal of said board attached and attested
by the clerk of said town, and was duly and legally published as
required by the laws of the state of Oklahoma relating to cities,
towns, and villages, and that all of the requirements of the laws
of the state of Oklahoma governing cities, towns, and villages
were complied with in the passage of said ordinance and the
adoption thereof.

"V.   That thereafter, and prior to the institution of this
suit, the said board of trustees, in pursuance of and in accord-
ance with said Ordinance No. 14 passed resolutions levying special
taxes against the lots herein described, for a sidewalk along said
lots, on the streets of said town, and that all of the notices, steps,
and proceedings required and provided by the laws of the state of
Oklahoma then in force and applicable to towns and villages in
said state, relating to the building of sidewalks, and levying of
special taxes therefor by such municipalities, and including all
notices, assessments, and estimates, were by said board of trus-
tees and the town clerk and marshal of the town of Taloga made,
given, and served, as provided by the laws of the state of Okla-
homa in force at said time, and true and correct copies of said
proceedings are hereto attached and referred to and made a part
hereof.   That ten days' notice of said assessment, resolution, and
intention to build said sidewalk was given and served on the
plaintiff herein, and proof of service filed as required by law.

"VI.   That the plaintiff, after notice as aforesaid, failed' and refused to build said sidewalk, or any part thereof, and the same was thereafter built by John Bremer and W. C. Bell, defendants herein, at the instance and request of the said board of trustees acting for the town of Taloga.

"VII.   That said sidewalk was built and constructed according to the provisions and requirements of said Ordinance No. 14, and a tax warrant issued by said town of Taloga against each separate lot aforesaid abutting said improvement, and said tax warrants were filed with the clerk of said town of Taloga, as required by law, and a notice of their issuance published in the Taloga Advocate, a newspaper published in said corporation and located therein, for four weeks successively.   That at. the expiration of said notice the said plaintiff herein did not, nor did any one for him, pay the amount named in said warrant, with fees of the clerk and costs of publication, nor any part thereof, and thereafter the said board of trustees caused a penalty of 25 per cent. to be added to said fees and costs and made a part of the original assessment, and the clerk of said town listed each of said tax warrants as aforesaid, with full description of the property therein, with all the costs and penalties thereon, and presented the same to the county clerk of Dewey county, Oklahoma, at the time for said clerk to transmit the annual levy of said town of Taloga, and the same were by said clerk extended on the tax rolls and entered for collection and delivered to the treasurer of Dewey county, Oklahoma.

"VIII.   That all the requirements of the laws of the state of Oklahoma respecting said levy and the certification thereof, and extending same on the tax rolls for collection, were regularly and legally done by the proper and duly qualified officers of said town and county.

"IX.   That the parties hereto further agree that no point is to be made in the trial of this cause on the regularity of any of the proceedings taken by said officers in said matter, but same are admitted to be regular and in compliance with the statutes of the state of Oklahoma in force at such time.

"X.   It is further agreed that the plaintiff, before the building of said sidewalk, and before any steps were taken toward building same, notified the defendants to refrain from building same, and from interfering with, tearing. up, or destroying the sidewalk already built adjacent to the said lots, and served upon the defendants such notice in writing.

"XI. That the said special assessment, tax, and penalty thereto added are spread upon the tax rolls of the county of Dewey as liens and tax charges against the said lots, *prima facie,* and apparently valid liens and charges against the said lots, and that the county treasurer threatens, and will if not restrained, or if said special tax and assessment be not paid, sell the said lots and collect the said special tax and assessments and penalties thereto added, as well as the other taxes against said lots. That all other taxes against said lots are as follows, to wit.: Against lot 1, in block 68, the sum of $15.86; against lot 2, block 68, the sum of $6.34; against lot 11, block 54, the sum of $22.20; against lot 12, block 54, the sum of $3.56—and that several sums against the said several lots were tendered in lawful money of the United States to the county treasurer at his office in Dewey county, Oklahoma, on the 27th day of December, 1910, as and for the payment of the taxes other than said special tax and penalty thereon added. That such tender and offer was by the county treasurer refused, and is still refused, and that such tender has been kept .good. And plaintiff is and has been at all times ready and willing to pay all taxes against said lots except the said special tax and penalties thereon added. That the said special tax and assessment so of record and spread upon the tax rolls as aforesaid constitutes an apparently valid lien on said lands, and to the extent of the amount of such special tax depreciates the value of said lots in the market.

"XII. That the tax and penalty thereon are not designated separately in the county treasurer's office aforesaid.

"XIII. It is further agreed by the parties hereto that the precinct election inspectors or the official counters of the election board of the election at which said board of trustees were elected as trustees of said town of Taloga never executed any certificate showing the officers, or any officer, elected at such election to offices in said town of Taloga, nor filed the same, or any such certificate, with the county clerk of Dewey county, Oklahoma, or elsewhere, within ten days after said election was held as required by law. That said election was held under the election laws in force in the state of Oklahoma on the first Tuesday in April, A. D. 1909, governing elections in cities, towns, and villages. But it is agreed that the official counters of the said election made and executed their official counters' certificate of the vote at said election and returned the same to the county election board as required by law.

"Wherefore the parties hereto pray the court to render judgment according to their respective rights in the premises, and as prayed in the petition and answer, as the case may be.

"[Signed]  W.  P.  HICKOK,

"Attorney for Plaintiff.

"ROBT. E. ADAMS,

"Attorney for Defendants."

The case coming on to be heard May 6, 1911, the temporary injunction theretofore granted was dissolved, and judgment rendered in favor of defendants.  Motion for a new trial, being filed, was overruled, and an appeal duly prosecuted to this court.  The three principal assignments of error requiring our consideration are:  (1)  Has the board of trustees of incorporated towns in this state a statutory grant of power to levy special assessments?  (2)  If such power is given for street improvements and the construction of sidewalks, that the statute, and ordinance enacted by the town of Taloga thereafter, and proceedings had in pursuance thereof, are unconstitutional.  (3)  If the boards of trustees of incorporated towns have power to levy special assessments for the purpose of constructing sidewalks, the board of trustees of the town of Taloga could not exercise that authority, because of the failure to comply with the requirements of section 2, art. 10, c. 8, Sess. Laws 1905.  The assignments will be considered in the order named.

It will be unnecessary to refer to the various sections of the different statutes bearing upon the question of the authority of a town board in incorporated towns and villages to levy special assessments for the purpose of building sidewalks, as the exact question was before this court in *Leatherman v. Inc. Town of Addington*, 37 Okla. 436, 132 Pac. 129, in which the authority was upheld.  It was there said, after reviewing the organic and statutory law of the state:

"It seems clear, in view of all these statutes, that incorporated towns and villages have the right to levy assessments upon abutting property for the purpose of building sidewalks."

Attention was there called to a former opinion of this court (*Edwards v. Thrash*, 26 Okla. 472, 109 Pac. 832, 138 Am. St.

Rep. 975), in which it was said that the trustees of an incorporated town or village, organized under the laws of Oklahoma Territory, as extended in force in the state after its erection, are authorized and empowered to lay out, open, grade, and otherwise improve the streets, alleys, sewers, sidewalks, and crossings therein, and to keep them in repair, and to vacate the same (section 847, Comp. Laws 1909).

Upon the second proposition, it is insisted that both the statute and town ordinance contravene section 7, art. 2, and section 24, art. 2, of the state Constitution. The former inhibition provides: "No person shall be deprived of life, liberty, or property, without due process of law." The latter in part reads: "Private property shall not be taken or damaged for public use without just compensation." Plaintiff's principal insistence under the former section is that neither the statute nor the ordinance under which the special assessments were made contains any provision for a consideration of the "benefits the property shall receive" by reason of the improvement, and that neither the statute nor ordinance makes provision for any hearing wherein the property owner may be heard on the subject of benefits or any other matter. The same contention was made in *Block v. Patrick, County Treas.,* 35 Okla. 408, 130 Pac. 588, where it was claimed that on account of the failure of the statute to provide notice to the property owners, and opportunity for a hearing upon the assessment, which should be made against their property, they were denied the due process of law guaranteed by the fourteenth amendment to the federal Constitution. The language of this amendment is the same in effect as section 7, art. 2, of our Constitution. Disposing of the constitutional objection urged, in *Block v. Patrick, supra,* it was held by this court that a statute that authorizes the trustees of an incorporated town, after notice to abutting property owners to construct sidewalks and gutters in front of their property, and, upon failure of such property owners, to construct such improvements and assess the costs thereof to the abutting property upon the frontage basis, and to issue a tax warrant for the actual cost of labor and material obtained at the market price, and used for such

improvements, and make such tax warrant a lien against the property therein described, does not constitute a taking of property without due process of law, and should not upon that ground be declared invalid. One of the leading cases upon this subject, and which was cited and relied upon by this court in *Block v. Patrick, supra,* is *French v. Barber Asphalt Paving Co.,* 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879, in which the earlier decisions of that court are reviewed at length, and the conclusion reached that an apportionment of the entire costs of a street pavement upon the abutting lots according to their frontage, without any preliminary hearing as to their benefits, may be authorized by the Legislature, and this will not constitute a taking of property without due process of law. It would be futile for us to attempt to add to the very thorough and ably considered discussion to be found in that case. The same conclusion was reached by the territorial Supreme Court in *City of Perry v. Davis,* 18 Okla. 427, 446, 90 Pac. 865, and the rule there announced followed and adhered to in *Lonsinger v. Ponca City,* 27 Okla. 397, 112 Pac. 1006.

Recurring to the further objection that under section 24 of article 2 of the Constitution, providing that private property shall not be taken or damaged for public use without just compensation, it is now very generally held by the courts of last resort that similar provisions of state Constitutions have to do with restrictions upon the power of eminent domain, and require compensation to be made for property taken in the exercise of that power, but that such organic provisions have nothing to do with the power of taxation, and therefore have no application to local assessments which are a branch of the taxing power (Law of Special Assessments, Hamilton, secs. 47, 48, 49, 50, 51, 52, 53; *Gilman v. City of Sheboygan,* 67 U. S. [2 Black] 510, 17 L. Ed. 305; *People v. Mayor of Brooklyn,* 4 N. Y. 419, 55 Am. Dec. 266). In *Riley, County Clerk, v. Carrico,* 27 Okla. 33, 110 Pac. 738, this court held that, according to the current weight of authority, a special assessment for local improvements, whilst of a species of taxation, is neither a tax within the meaning of the constitutional requirements that all taxes shall be uniform through-

out the state, nor does the levying of such assessment constitute a taking of property without due process of law.

No question is made in this court that the assessment made against the plaintiff's abutting property was in excess of the benefits received, and the question, therefore, of the extent of the benefit incurred, not being involved, is not decided.

Plaintiff in error's third contention is predicated upon a failure of the election inspectors to make a certified statement over their signatures of the persons elected to fill the several offices at the town election held on the first Tuesday of April, 1909, and to file the same with the county clerk of Dewey county within ten days after the date of such election. This was the requirement of section 2, art. 10, c. 8, of the Session Laws of 1905 (section 841, Comp. Laws 1909), which section further provided:

"No act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with."

In the thirteenth paragraph of the agreed statement of facts, it is conceded that no such certificate was ever filed, but that, on the other hand, the official counters at said election made and executed their official counters' certificate of the vote cast thereat, and returned the same to the county election board. The foregoing section of the statute was not in force on the date of the election in question, but had been superseded by the provisions of an act entitled: "An act regulating election in cities and towns; requiring nominations by primaries; prescribing the time for such elections; repealing section 8, article 1, chapter 14, of the Statutes of Oklahoma, 1893, as amended by section 1, article 1, chapter 6, Session Laws of Oklahoma, 1897; also repealing sections 9 and 10 of article 1, chapter 14, of the Statutes of Oklahoma, 1893; also repealing sections 12, 13, 14, 15, 16 and 17 of said Statutes of Oklahoma, 1893, and declaring an emergency" —which was approved March 13, 1909 (chapter 16, art. 2, p. 262, Sess. Laws 1909).

This latter statute was before the court in *Erwin v. Wheeler,* 31 Okla. 331, 120 Pac. 1098, where it was held that section 841, Comp. Laws 1909, providing that the inspectors at municipal

elections should make a certified statement over their signatures of the persons elected to fill the several offices in such municipality, and should file the same with the county clerk of said county within ten days after the date of such election, was repealed by the passage of the Act of March 13, 1909. Obviously, such was the legislative intent. While it is true there was error in the title of the act, as well as in section 4 of article 3, p. 268, in omitting to name the chapter in which sections 12, 13, 14, 15, 16, and 17 of the Statutes of Oklahoma 1893, were to be found, yet, even though there be doubt as to the sufficiency of said latter act to expressly repeal that provision of the former act involved, it nevertheless worked a repeal by implication. It is a familiar rule that a statute revising the whole subject-matter of former acts, containing in the main the provisions of the former, and evidently intended as a substitute for them, although it contained no express words to that effect, operates to repeal the former acts. *Spencer v. Rippe,* 7 Okla. 608, 56 Pac. 1070; *Fritz v. Brown,* 20 Okla. 263, 95 Pac. 437; *Smock v. Farmers' State Bank,* 22 Okla. 825, 98 Pac. 945; *Ripey & Son v. Art Wall Paper Co.,* 27 Okla. 600, 112 Pac. 1119; *Hudson v. Ely,* 36 Okla. 576, 129 Pac. 11.

As was said in *Erwin v. Wheeler, supra,* the act of March 13, 1909, is complete within itself, and provides, among other things, that the election of officers in cities, towns, and villages shall be governed by the general election laws of the state, except wherein it is otherwise provided by said act, and that the regular precinct election board for and within both cities of the first class and incorporated towns and villages shall conduct all elections therein provided for, and that in incorporated towns and villages the precinct election board shall perform all duties imposed upon official counters in general elections.

If, as charged, plaintiff tendered the general tax on the lots and any penalty or accrued charges then due, the county treasurer should have accepted the same and issued his tax receipt therefor, and no additional penalty or interest should be added to the amount then tendered. The special assessment was no part of the regular tax theretofore levied and due. They were en-

tirely disconnected, separate, and distinct charges, made by wholly different authorities, and entered and spread on the tax rolls as separate and distinct items in separate and distinct entries. We are aware of no statute or principle of law making the payment of the regular tax dependent upon the payment, at the same time, of special assessments for public improvements, levied upon the same property. It was the plaintiff's privilege to resist the payment of the latter and to pay the former.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.