COUNTIES PAYMENT FOR LEGAL NOTICES In all cases where the publication of legal notice is required or allowed by law, the payment of costs of same is governed by the provisions of Section 121, and the respective counties are subject to the rates computable under Section 28 O.S. 121 [28-121] relative to the fixing of fees for printing legal notices. The Attorney General has had under consideration your request for an opinion in which you ask the following: "Must the counties continue to pay the $10.00 provided in 19 O.S. 174.2 [19-174.2] (1971) for the publication of said notices, or may the respective counties lawfully pay the rate computed under 28 O.S. 121 [28-121] (1973)?" In response to your question, it is necessary to set forth the relevant statutes involved. Title 19 O.S. 174.1 [19-174.1] (1971), gives the State Examiner and Inspector authority upon filing of report of audit of the books, records and accounts of county officers, boards or commissions to publish in a newspaper or newspapers of general circulation in the county a notice of the filing of such report. Specifically, Section 19 O.S. 174.1 [19-174.1] provides: "The State Examiner and Inspector is hereby authorized upon filing of report of audit of the books, records and accounts of any county officer, board or commission to publish in a newspaper or newspapers having a general circulation in the county a notice of the filing of such audit report; and he may cause to be posted a certificate of completion of such audit report in the office or offices having custody of the books, records and accounts embraced in such audit report. The State Examiner and Inspector shall transmit a copy of the letter of transmittal of each such audit report to every legal newspaper published within the county wherein said audit report is filed with the county clerk." Section 19 O.S. 174.2 [19-174.2] (1971) specifically provides: "The total cost of publication of such notice shall not exceed Ten Dollars ($10.00) to any one newspaper and shall be paid from any funds appropriated for county audit purposes, upon duly verified claims. " Title 28 O.S. 121 [28-121] (1973), has the following material provisions: "In all cases where publication of legal notices is required or allowed by law, the person or official desiring such publication shall be required to pay: for all matters other than tabular matter, five cents ($0.05) per word for first insertion, and four cents ($0.04) per word for each subsequent insertion, with each separate group of numerals included in such matter to be counted as one (1) word, regardless of the number of digits involved; for all tabular matter, in not to exceed eight (8) point type, including but not limited to lists of persons, firms and corporations whose personal property taxes are delinquent and lists of lands and town lots upon which taxes are delinquent, thirty cents ($0.30) per line per newspaper column in width, for first insertion, and twenty-five ($0.25) per line per newspaper column in width, for each subsequent insertion." The determinative question for consideration is which statutory provision governs the matter of fees for printing legal notices. It is of significance that Section 174.1, which authorized the publication of notice of audit report and Section 174.2, fixing the cost of such notice at a total cost of Ten Dollars ($10.00) were enacted into law in 1957. Laws 1957, p. 92, 1. Title 28 O.S. 121 [28-121] (1973), is an amended law. Section 121 was first enacted into law in 1910, and subsequently has been amended five times with the latest expression being April 18, 1973. It is of further significance that the amendatory changes of Section 121 did not change materially the substantive provisions of the law with the exception that the fees for printing legal notices were increased. It is, therefore, apparent that the latest expression of legislative intent relative to the matter of fees for printing legal notices is Section 121. While there is authority for the proposition that where a general act is enacted subsequent to a specific act on the same subject matter, the specific act remains in force and effect as an exception to the latest statute of general application. 73 Am.Jur.2d Statutes, 416. Also, the rule that a general law does not affect specific laws on the same subject, as well as the general rule that repeals by implication are not favored, are not controlling when it is clear that the Legislature intended otherwise. Erwin v. Wheeler, 31 Okl. 331,120 P. 1098 (1912). Moreover, 75 O.S. 1971 22 [75-22], provides: "If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter or article, the provisions of the latter code, title, chapter or article must prevail as to all matters and questions arising thereunder out of the same subject matter." In construing the above provision, Trask v. Johnson, Okl., 452 P.2d 575, the Court held that where the legislative intent was so clearly expressed, the subordinate rules of statutory construction are not applicable. It is, therefore, clear that the Legislature's provisions in Section 121 stating the formula to be followed are mandatory, and that formula is as follows: "In all cases where publication of legal notices is required or allowed by law, the person or official desiring such publication shall be required to pay: . . ." Obviously this section contemplates that "in all cases" when determining the costs for printing of legal notices required or allowed by law that such costs be computed under the provisions of Section 121. It is, therefore, the opinion of the Attorney General that your question be answered accordingly: In all cases where the publication of legal notice is required or allowed by law, the payment of costs of same is governed by the provisions of Section 121, and the respective counties are subject to the rates computable under Section 121 relative to the fixing of fees for printing legal notices. " (Nathan J. Gigger)