LEVI TOWNSEND ET AL. V. THE CITY OF MANISTEE AND
ELIAS R. WELSH, TREASURER.

*Municipal corporations—Public improvements—Reassessments—*
*Authority of council.*

1. Where a special assessment is set aside by a city council, and the taxes reassessed upon the same district, the land-owners cannot complain of a want of notice of the original assessment in a suit to enjoin the collection of the reassessed taxes.

2. Where the proportion of the cost of the construction of a sewer to be paid by a city, as determined by the council, exceeded by $180 the sum appropriated in the annual appropriation bill for that purpose, which excess was appropriated from the general sewer fund, land-owners who seek to enjoin the collection of special assessments upon their property for the construction of such sewer cannot complain because of the non-submission of the question of the appropriation of the $180 to the electors, as required by the charter, they not being injured thereby.

3. Under a charter authorizing the city council to cause a new assessment to be made for a public improvement in place of an invalid one, a *majority* of the council have power to rescind their action in ordering the original assessment; and where the reassessment is ordered to be made by a vote of two-thirds of all of the aldermen elect, as required by the charter, the proceedings cannot be attacked because the original assessment was ordered by a greater number of the members of the council.

Appeal from Manistee. (Judkins, J.) Argued June 3, 1891. Decided November 20, 1891.

Bill to restrain the collection of special assessments, and to remove the lien created thereby. Complainants appeal from decree dismissing bill. Affirmed. The facts are stated in the opinion.

*D. S. Harley,* for complainants.

*Smurthwaite & Higgins* and *Dovel & Smith,* for defend-
ants.

LONG, J. The bill is filed in this cause to restrain
the city treasurer and the common council of the city of
Manistee from collecting, or attempting to collect, spe-
cial assessments upon the lands of the complainants, and
to remove the lien created by such assessments upon
such lands.

The assessment is made for the purpose of defraying
the expenses of the construction of a sewer, and the
complainants' lands, among others, were included in the
special assessment district.   It appears that upon April
2, 1889, the common council of the city, under the pro-
visions of section 4 of chapter 24 of the charter[1] of
that city passed a resolution directing the city clerk to
cause notice to be published of the intention to lay the
sewer, and that the council would meet, and consider
the objections and suggestions made by parties interested,
at their council rooms on Tuesday, May 7, 1889, at 7:30
o'clock P. M.   This notice was published, and on that
date the council resolved—seven members out of eight
voting therefor—to construct a sewer at a cost of $1,610,
and directed by the resolution that $805 of the estimated
cost be defrayed by special assessments, according to
benefits, against the lands described in the resolution.[2]
The complainants' lands were included.   This assessment
district was designated as "District No. 9," and the
board of assessors which is provided for by section 2,
chap. 24, of the charter, were directed and instructed to
assess this sum of $805 against those lands.   The sewer
was thereafter constructed, and the assessment made of

---

[1] Act No. 48, Local Acts of 1882.
[2] The resolution also appropriated $180 from the general sewer
fund for the purpose of this sewer, "the remaining $625 having
been appropriated" therefrom.

this sum by the board of assessors, and reported to the council, who confirmed the same.

It appears that thereafter the city of Manistee had some litigation over the construction of other sewers within the city, and, upon bill being filed in the circuit court in chancery in that county, their proceedings were held invalid by reason of certain irregularities and informalities therein. For this reason, at a meeting of the council held on March 11, 1890, the special assessments upon this sewer district were considered invalid by the council, and a resolution adopted vacating and setting aside this assessment. A reassessment upon the same district was thereafter ordered by the council, notice of which was duly published, and the taxes levied thereunder. It is this tax which the complainants by their bill seek to have set aside.

Several reasons are set up in the bill why the action of the council should be set aside by the court:

1. That the notice published did not mention the district to be assessed for the proposed improvement, as required by section 4, chap. 24, of the charter.

2. That, at the time when said notice was published, there had been no sewer district created for said sewer, and the plans and specifications did not show any sewer district, as required by section 8, chap. 21, of the charter.

3. That the resolution appropriated the sum of $180 over and above the amount appropriated for this purpose in the last preceding appropriation bill adopted by the council, in violation of sections 14, 15, chap. 26, of the charter.

These objections all relate to the original proceedings in the laying of the sewer, and not to the reassessment, and are but irregularities, which we think were cured by the after proceedings of the council. The notice published set out that it was the intention of the city to construct a lateral sewer, giving its direction, and the

streets along which it would be laid, and stating that part of the estimated cost would be paid from the general sewer fund, and part assessed against the property benefited, and that plans and specifications and estimates of the cost of such improvement would be found in the office of the city clerk for examination. Section 4 of chapter 24 of the charter provides that—

"The council shall give notice * * * of the proposed improvement or work, and of the district to be assessed, by publication for two weeks, at least, in one of the newspapers of the city, and of the time when the council will meet and consider any objection thereto."

The notice published did not describe the district to be assessed, but in all other respects seems to have complied with this provision of the charter. Section 13, chap. 24, of the charter, provides, however, that—

"When any special assessment shall be reported by the board of assessors to the council, as in this chapter directed, the same shall be filed in the office of the city clerk, and numbered. Before adopting the assessment, the council shall cause notice to be published for two weeks, at least, in some newspaper of the city, of the filing of the same with the city clerk, and appointing a time when the council and board of assessors will meet to review the assessment. Any person objecting to the assessment may file his objections thereto in writing with the city clerk."

Section 14 provides that, at the time appointed for that purpose, the council and board of assessors shall meet and review the assessment, and the council shall correct the same, if necessary, or they may annul it, and direct a new assessment, in which case the same proceedings shall be had as in respect to the previous assessment. This section gives to all parties interested an opportunity to be heard. No complaint is made in the bill but that this notice was properly given; but, whether it was or not, the complainants are not in a position to complain

of the original assessment, in view of that assessment having been wholly set aside by the council.

It appears that the annual appropriation bill for the preceding year appropriated to this sewer the sum of $625, and complainants complain that the appropriation of the $180 from the general sewer fund, over and above the amount so provided for by the annual appropriation bill, was not submitted to the electors of the city, as required by the charter. The complainants cannot complain of this. It was taken off of the amount of their assessment, and they are not injured thereby.

Under the reassessment, the complainants contend that the council had no power or authority to rescind their former resolution, for the reason that the resolution, as originally passed, authorizing and directing the construction of the sewer, was passed by seven out of the eight aldermen of the city, while the resolution to rescind was passed by only six votes, and that the resolution was adopted at a special meeting of the council.[1] Section 22, chap. 24, of the charter provides that—

"Whenever any special assessment shall, in the opinion of the council, be invalid by reason of any irregularity or informality in the proceeding, or if any court of competent jurisdiction shall adjudge such assessment to be illegal, the council shall, whether the improvement has been made or not, or whether any part of the assessments have been paid or not, have power to cause a new assessment to be made for the same purpose for which the former assessment was made," etc.

Under this provision of the charter, a majority of the council have power to rescind their action in proceedings of this nature. A two-thirds of all the aldermen elect having voted, under the provisions of the charter, for a reassessment and collection of the tax, their proceedings cannot be attacked upon the ground that the former

---

[1] Counsel cited section 7, chapter 8, of the charter.

assessment had been voted by a greater number of the members of the council, and we think their proceedings regular for the laying of the tax under their last proceedings.

Some other questions are raised which we do not deem it necessary to discuss, as, from the whole proceeding, we are satisfied that the complainants have not made a case by their bill which would warrant the intervention of a court of equity in restraining the action of the treasurer or the council in the collection of these taxes. The bill was demurred to in the court below, and the demurrer sustained.

The decree of the court below will be affirmed, with costs.

The other Justices concurred.