PAULSEN v. CITY OF EL RENO *et al.*

No. 366.    Opinion Filed December 1, 1908.

(98 Pac. 958.)

1.    MUNICIPAL CORPORATIONS—Paving—Ordinance Unnecessary
Whenever in a city of the first class the property owners on any street or part of a street of not less than 2,000 feet in length by petition signed by a majority of such property owners request the city council to pave such street, or part thereof, with any material used for standard paving, to be designated in such petition, it then and there becoming the duty of the city council to proceed to pave such street, or part thereof, in accordance with the prayer of such petition, it being provided by statute that no resolution or notice of such intention to pave, or publication thereof, shall be necessary, it is not required that such improvement shall be directed and made under an ordinance.

2.    SAME—Harmless Irregularies. When a majority of the property owners on any street or part of a street of not less than 2,000 feet in length have duly petitioned the city council of a city of the first class to pave such street, or part thereof, with material used for standard paving, designating the same, and said council having proceeded to pave such street in accordance with the prayer of such petition, no resolution or notice of intention to pave, or publication thereof, being required, such improvement will not be restrained, or the power of equity permitted to be invoked, to stop such improvement, on account of irregularities in the procedure subsequent to the presentation of the petition as provided by law, when there is neither any allegation nor proof as to fraud, or that the party complaining sustains any specific injury on account thereof, or that there was reason to believe that there would have been a less bid for such paving, especially when the complainant never protested against said contract or sought to have such irregularities or defects remedied, corrected or amended before said council, and afterwards stood by and permitted the contractor, without warning or protest, to proceed under said contract or undertaking, prejudicing himself by an outlay, and partially completing same by making a part of such improvement.

(Syllabus by the Court.)

*Error from District Court, Canadian County.*

Action by Hans C. Paulsen against the City of El Reno and

others. Judgment for defendants, and plaintiff brings error. Affirmed.

On the 15th day of August, A. D. 1908, the plaintiff in error as plaintiff, filed his petition in the district court of Canadian county, state of Oklahoma, against the defendants in error, the city of El Reno and P. F. Connelly, as defendants, praying for a temporary writ of injunction against said defendants. On the same date the defendants appeared and answered, and said cause was submitted to the court on an agreed statement of facts, in words and figures as follows, to-wit:

"First. That on the 4th day of June, 1907, at a regular session of the city council of the city of El Reno, Canadian county Okla., a petition was filed before the said council purporting to be signed by a majority of the owners of property lying upon and facing Wade street, in the city of El Reno, between the right of way of the Chicago, Rock Island & Pacific Railway Company on the east line of said right of way. At the point where said street intersects said right of way, thence easterly, along said street, to the east line of Barker avenue, at the intersection of said Wade street and Barker avenue. That as a matter of fact said petition was signed by a majority of such property owners along said street between the points designated. That the city council caused the question of such majority to be investigated by a committee of said council, and said committee reported according to the truth as stated above. That said petition prayed for the curbing, guttering, and paving of said street with brick.

"Second. That at the same time petitions were filed before said city council by a purported majority of the owners of property along certain portions of Rock Island avenue and Bickford avenue and of Russell and Woodson and of Hayes streets, in said city. That in truth a majority of such owners along each of said streets wherein it was prayed that the city council have such streets paved did sign such petition, and at the same time a petition was filed before said council for the paving of a certain alley in block eighty-two (82), in said city of El Reno, said petition to pave said alley being also signed by a majority of the property owners adjacent thereto and joining the same.

"Third. That the city council caused investigation to be

made by its committee on streets and alleys as to whether or not a majority of such owners along said streets and alleys and avenues had duly petitioned therefor.

"Fourth. That said petitions referred to in the three previous paragraphs of this stipulation were the only petitions filed before the city council at said time, and were the only and all the petitions pending before said city council from said date, to-wit, the said 4th day of June, up to and including the 18th day of September, 1907. That no matter relative to paving streets in said city between said dates arose or existed before said council except the petitions herein referred to.

"Fifth. That after the filing of such petitions as above stated, and after the reports of the committee authorized to investigate as herein stated, the city council on the 5th day of June, at an adjourned session thereof, did act as follows: 'Moved by Smith, seconded by Stoneman, that the prayer of the petitioners to pave certain streets be granted, and that the council proceed to pave, grade, gutter, and curb the streets named in the petition in accordance with the prayer therein, and that the city engineer be instructed to prepare sections, profiles, and specifications for the work, together with a complete estimate of the cost. Motion carried.'

"Sixth. That thereupon the city engineer, acting under said instructions of the city council, did proceed to make and prepare sections, profiles, and specifications, and present an estimate of the cost of such paving on said streets and avenues and alleys.

"Seventh. That on the 26th day of August, 1907, the city council, acting concerning the plans, specifications, and sections so reported by the city engineer, adopted the same as the same had at divers sessions of the council been amended, and adopted the said amended plans and specifications as a whole.

"Eighth. That on September 5th. at an adjourned session of the city council, the following proceedings were had: 'Moved by Shuttee, seconded by Abbott, that the city clerk be instructed to advertise for bids for the proposed paving to be opened at eight o'clock p. m. September 18th. Motion carried.'

"Ninth. That all the proceedings had by said council between the 4th day of June and said 18th day of September, as above stated had reference wholly and solely and entirely to the said petitions referred to in paragraphs 1, 2, and 3 hereof. That the city clerk,

acting pursuant to said instructions of the council, caused to be published the following notice to paving contractors:

" 'Notice to Paving Contractors. Sealed bids will be received at the office of L. G. Adams, city clerk, until 8 o'clock p. m. September 18, 1907, for the grading and paving with brick the following streets and alleys in the city of El Reno, Oklahoma Territory, to-wit: Rock Island avenue from north line of Rogers street to the north line of Watts. Bickford avenue from north line of Rogers street to the north line of London. Hayes, Woodson, and Russell streets from east line of Bickford to the west line of Rock Island. Wade street from the right of way of the Chicago, Rock Island & Pacific to the west line of Barker avenue. London street from east line of Bickford to west line of Rock Island. Alley in block 82, from south line of Hayes to the north line of Woodson. According to plans and specifications now on file in the office of the city clerk. Each bidder must furnish samples of his material as shown by the specifications, and a certified check for an amount equal to 5 per cent. of the amount of his bid, payable to the city treasurer, to be forfeited to the city in the event bidder fails to enter into contract. All bids to be submitted on blanks furnished by the city. Bids will be opened at 8 o'clock p. m. Sept. 18, 1907, at the city hall in said city. Payment to be made in cash or certificate as provided by the laws of the territory of Oklahoma. The city council reserves the right to reject any and all bids. L. G. Adams, City Clerk.'

" 'Certificate of Publication. I, V. B. Allee, of the El Reno Democrat, a newspaper published in El Reno, Oklahoma Territory, and of largest circulation in said county, do solemnly swear that the above advertisement was published in said paper for ten consecutive days, the first publication being of the issue of Sept. 6, 1907, and the last publication being in the issue of Sept. 17, 1907. V. B. Allee.

" 'Subscribed and sworn to before me this 10th day of February, 1908. Frank Meyer, Notary Public. [Seal.] My commission expires June 22, 1909.'

"Tenth. That on the said 18th day of September the city council did open sealed bids, and the defendant P. F. Connelly was found to be the lowest bidder, and his bid of $2.49 per square yard was accepted by the council, all members present, being seven

in number, voting aye. That thereupon the following proceedings were had: 'Moved by Shuttee, seconded by Freeman, that the mayor and city clerk be instructed and authorized to enter into a contract with P. F. Connelly for the construction of the street paving. Motion carried, all members present voting aye.'

"Eleventh. That thereafter, on the said 18th day of September, 1907, the said P. F. Connelly and the mayor of said city and L. G. Adams, clerk of said city, acting under said instructions, did make and enter into the contract attached to the petition in this case as Exhibit A.

"Twelfth. That the said Connelly in all respects complied with the conditions of said contract, and since the said date has been engaged in using said streets, avenues, and alleys by curbing, grading and paving the same at all times, and has in all respects complied with the conditions of said contract so far as he has performed the same.

"Thirteenth. That the city council, pursuant to law, duly passed an ordinance to have made appraisement of the benefits to the property owners abutting upon said streets, and did give notice as required by properly publishing the ordinance and posting notices of such appraisement pursuant to law.

"Fourteenth. That said Connelly has completed one block of such paving, to wit, that portion of said Wade street lying between said right of way of the Rock Island Railway Company and Grand avenue, being that portion of Wade street within said paving district petitioned for.

"Fifteenth. That the action of said appraisers has been reported to the council showing the amounts assessed against each lot together with the costs, and the city council is about to pass an ordinance approving the action of said appraisers and to issue certificates against said respective pieces of property along the block so paved to the said P. F. Connelly, the contractor.

"Sixteenth. That the petitions referred to in paragraphs 1, 2. and 3 of this stipulation were all filed with the city council at the same time, and are and have been at all times in the possession of the city clerk of said city, and have at no time been recorded on the minute books of said city at large. That the action of the city council in each particular, including the several specific particulars herein designated, had reference to all of the said streets

and avenues and alleys referred to in the said three first paragraphs of this agreed statement of facts, and no others.

"Seventeenth. That the city council of the city of El Reno at all times since the filing of said petitions has taken action in each particular wherein paving has been considered before said council with reference to the prayer of said petitions and the contract made and entered into with the said P. F. Connelly for paving included the said streets, avenues, and alleys referred to in said paragraphs 1, 2 and 3 hereof.

"Eighteenth. That all of said parties—the city council, the said P. F. Connelly, and the petitioners in said petitions—have treated said action of the city council and said contract as legal and binding on said city and said Connelly and the owners of property along said thoroughfare mentioned in said petitions.

"Nineteenth. That the curbing, grading, and paving done along and upon said streets, avenues, and alleys by the said P. F. Connelly was done, has been and is being performed, under and by virtue of the said contract, and by virtue of said petitions and the action of the city council thereunder.

"Twentieth. In verification of the matters referred to in connection with the action of the city council concerning said matters, a duly certified transcript of the proceedings of the city council attached to the petition herein is referred to, as well as a copy of the plans and specifications tendered by the city engineer and acted upon by the city council and approved thereby, together with contract made and entered into, are hereby referred to for greater certainty."

The temporary injunction prayed for was denied, and the action of the lower court is now properly before this court for review.

W. M. Wallace, for plaintiff in error.

R. B. Forrest and Lucius Babcock, for defendants in error.

WILLIAMS, C. J. (after stating the facts as above). In this case it is necessary to pass upon the following questions:

(1) Whether or not whenever in a city of the first class the property owners on any street or part of a street of not less than 2,000 feet in length by petition signed by a majority of such property owners request the city council to pave such street, or part

of a street, with any material used for standard paving to be designated in said petition, and it thereupon becomes the duty of the city council to proceed to pave such street in accordance with the prayer of said petition, it being provided by statute that no resolution or notice of intention to pave or publication thereof shall be necessary—such improvement shall be directed and made under an ordinance.

(2)   Whether or not a majority of the property owners on any street, or part of a street, of not less than 2,000 feet in length, having duly petitioned the council to pave such street, or part thereof, with the designated material used for standard paving, and such council having proceeded to pave such street in accordance with the prayer of such petition, no resolution or notice of intention to pave, or publication thereof, having been made, on account of irregularities such improvement will be restrained, where there is neither allegation nor proof as to fraud, or that the party complaining sustains a specific injury on account thereof.

1.   The proviso contained in section 2 of an act entitled "An act to provide for the improvement and permanent paving, curbing and guttering of streets, and other public places, within a city of the first class," approved March 5, 1901 (Laws 1901, p. 67, c. 8), being section 444, Wilson's Rev. & Ann. St. 1903, provides that "the property owners on any streets or part of any streets of not less than two thousand feet in length, may by petition signed by a majority of such property owners, request the city council to pave such streets or part of street with any material used for standard paving, to be designated in such petition, and it shall thereupon be the duty of the city council to proceed to pave such street in accordance with the prayer of such petition, and no resolution or notice of intention to pave or publication thereof shall be necessary." This proviso appears to be mandatory upon the city council, when requested by such petition, to proceed with such improvement with all reasonable dispatch; and, in order that there might not be any delay or expense, it is declared that "no reso-

lution or notice of intention to pave or publication thereof shall be necessary." When the petition is initiated by the property owners, it is evident that no ordinance is required. *Kerker et al. v. Bocher et al.*, 20 Okla. 729, 95 Pac. 981.

2. It is neither alleged nor proved that, on account of the irregularities in not recording on the minutes of the council its action in designating the streets, or parts of streets, ordered to be improved, the material and method for the construction thereof, or in adopting the plans and specifications, or in the notices, operated to the injury of the complainant, or any one else, or was fraudulently done. The plaintiff made no protest to the city council against such contract, or the action taken by it, either for the purpose of preventing the improvement being made under such a procedure or of having any omissions or irregularities amended or corrected, and permitted the defendant Connelly to proceed, without any objection or warning under said contract, to curb the streets and alleys throughout the district to be paved, and to grade Wade street throughout the whole course where pavement was to be laid, and pave a portion of said street up to and adjoining the lots of complainant, thereby standing by and allowing him to make outlay to his detriment under said undertaking. The city council acquired jurisdiction by proper petition presented by a majority of the property owners; it being its duty to pave such street or streets in accordance with the prayer of said petition without any resolution or notice of such intention to pave or publication thereof. Any irregularity that may subsequently occur in the record of the proceedings of the city council relative to said paving, there being neither any allegation nor proof of fraud, or that such irregularity worked any specific injury to the plaintiff's property rights, or to any one else similarly circumstanced, or that there was reason to believe that there would have been submitted a less bid for such improvement, there is no ground for equitable intervention. *Hixon et al., v. Oneida County*, 82 Wis. 515, 52 N. W. 445; *Marth v. City of Kingfisher, ante*, p. 602, 96 Pac. 436; Cooley

on Taxation (3d Ed.) p. 1440; *Gilmore v. Hentig,* 33 Kan. 156. 5 Pac. 781; *Newman v. Emporia,* 41 Kan. 586, 21 Pac. 593.

The decree of the lower court is affirmed.

All the Justices concur.