## LONSINGER et al. v. CITY OF PONCA CITY.

No. 674.    Opinion Filed November 16, 1910.

1. **MUNICIPAL CORPORATIONS—Ordinances—Sewer System—Constitutionality.** The syllabus in City of Perry et al. v. Davis & Younger et al., 18 Okla. 427, is made a part of the syllabus in this case.

2. **APPEAL AND ERROR—Specification of Error.** Where it is not apparent that the title of an ordinance contains two subjects, and the same is not pointed out, the rulings of the trial court upholding the validity of the ordinance will not be disturbed in this court.

(Syllabus by the Court.)

*Error from District Court, Kay County; W M. Bowles, Judge.*

Action by J. F. Lonsinger and others against the city of Ponca City. Judgment for defendant, and plaintiffs bring error. Affirmed.

*James Q. Louthan,* for plaintiffs in error.

*Ed M. Catron,* for defendant in error.

TURNER: J.   On January 7, 1909, the city council of Ponca City, a city of the first class, passed an ordinance, No. 190, entitled:

"An ordinance creating sewer districts Nos. 1 and 3 in the city of Ponca City, Oklahoma, establishing sewer districts therein; repealing sections 1 and 3 of ordinance No. 182 and declaring an emergency."

The body of the ordinance provided for the establishment of sewer districts Nos. 1 and 3, the construction of sewers therein, the character of material to be used, the submission of estimate of cost, and "that sections one (1) and three (3) of ordinance No. 182 be repealed," declared an emergency and that the same be in force from and after its approval and legal publication.. Thereafter the same was so published, and the city, pursuant thereto, advertised for bids for the construction of said sewers in said sewer district No. 1, and later published a "notice to contractors" that on a certain day a contract would be let by said city for the furnishing of material and construction of sewers in said district. No petition signed by a majority of the property owners, residents within said proposed sewer district, had been presented to said city council requesting or authorizing said council so to do as attempted, but a majority of said property owners protested in writing against the construction in or extension of any sewer or sewers in said proposed district.  On petition filed in the district court of Kay county by J. F. Lonsinger and several other residents and property owners of said proposed sewer district No. 1, plaintiffs in error, against said city alleging said facts and that said pretended ordinance is void because, they say, it contains more than one subject and that said city, in the absence of a petition by a majority of the property owners, resident within said proposed district, requesting the city council so to do, was without jurisdiction to construct sewers therein, and praying that said city and its officers, &c., be enjoined from letting said contract, a temporary

restraining order was issued as prayed, but later, on motion, was dissolved, and plaintiffs bring the case here.

They assign that the act of March 16, 1903 (art. 1, ch. 6, Sess. Laws of Okla. 1903) is unconstitutional in that it does not afford due process of law, and that the trial court erred in failing to so hold. In support of this contention they urge:

"* * * A statute which invokes the taxing power must, if the process be due, provide that at some time and place, before the liability becomes fixed upon the individual property, the person who must pay may speak either in protest or in sanction. In vain do we search the statute under consideration for any provision for this opportunity. It is not there."

This precise objection was raised to this act in *City of Perry v. Davis & Younger*, 18 Okla. 427, thus:

"The second objection raised goes to the constitutionality of the act; that is, that the statute under which the tax was levied does not provide for any notice to owners of the property so taxed, or give them an opportunity to be heard, and that no sufficient notice was in fact given."

In answer to which the court, in the syllabus, said:

"Article 1, c. 6, p. 93, of the Session Laws of 1903, under which the tax for the construction of the sewer in this case was levied, is not unconstitutional by reason of the fact that it fails to provide for notice of the construction of the sewer to property holders, other than the notice imparted by the passing of the ordinance and other proceedings designated in the act, and to give them an opportunity to be heard before the construction of said sewer.

"Under the act of 1903, providing that when a district sewer is completed the whole cost shall be assessed as a special tax against the lots in the district respectively, without regard to improvements, in the proportion which their respective areas bear to the areas of the whole district, is not unconstitutional as a deprivation of property without due process of law."

We therefore hold adversely to plaintiffs' contention on this point, and that the same is no longer an open question in this jurisdiction.

The next assignment of error has also been held adversely to

plaintiffs' contention in *City of Perry v. Davis & Younger, supra,* which is:

"The court erred in holding and deciding that no petition signed by a majority of the property holders, residents of said district No. 1, was necessary to authorize and empower the city of Ponca City to construct sewers in said district."

There the court, in the syllabus, also said:

"Under article 1, c. 6, p. 93, of the Session Laws of 1903, entitled 'An act authorizing municipal corporations to extend or build general sewer systems and to levy special assessments of taxes to pay for same,' the mayor and city council are authorized to establish a general sewer system and proceed with the construction of district sewers when deemed necessary, without a petition by a majority of the resident property holders residing in the sewer district."

To the doctrine there laid down we adhere. Since counsel have failed to state wherein the title to ordinance No. 190 contains more than one subject, and the same does not appear, we cannot say that the court erred in holding that said ordinance is valid. Finding no error in the record, the judgment of the trial court is affirmed.

All the Justices concur.