Goodholm & Sparrow Inv. Co. v. Cleveland-Trinidad Paving Co. et al.

## GOODHOLM & SPARROW INV. CO. v. CLEVELAND-TRINIDAD PAVING CO. *et al.*

No. 4442.    Opinion Filed June 1, 1915.

(150 Pac. 109.)

1.  **MUNICIPAL CORPORATIONS—Benefit Assessments—Validity.**
    Benefit assessments made against adjoining property in the manner provided in article 5, c. 14, Snyder's Comp. Laws 1909, are not void because the improvement had not been completed and accepted prior to the time of making the assessments.

2.  **MUNICIPAL CORPORATIONS—Benefit Assessments—Interest.**
    Such benefit assessments regularly made and not paid within 30 days after the passage of the assessment ordinance bear interest at the rate of 7 per cent. per annum from the date of the passage of such ordinance.

3.  **MUNICIPAL CORPORATIONS — Assessments — Collection—Injunction—Estoppel.** When a city acquires jurisdiction, by regular statutory proceedings, to pave certain of its streets, a property owner who stands by and sees such improvement made, with the knowledge that the city authorities have levied a special assessment against his property to pay for the same, and that the contractor doing such work is depending upon such assessment for his compensation, and offers no objection until after the complete performance of the work, cannot thereafter maintain an injunction to restrain the collection of the assessment against his property on the ground that the assessment was made before the improvement was completed and accepted, and that the interest is demanded for a period prior to the completion of the work.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by the Goodholm & Sparrow Investment Company, a corporation, against the Cleveland-Trinidad Paving Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Everest & Campbell,* for plaintiff in error.

*Burwell, Crockett & Johnson* and *G. A. Paul,* for defendants in error.

Opinion by GALBRAITH, C.   The appeal in this case presents error from the district court of Oklahoma county, and is prosecuted to review the judgment of the trial court sustaining a demurrer to the petition in an action instituted to restrain the collection of paving assessments made by the municipal authorities of Oklahoma City against certain property of the plaintiff in error; the several defendants being the contractor who made the improvements and the municipal corporation authorizing them and the treasurer of Oklahoma county.  The defendants each interposed a demurrer to the petition on the ground that the same did not state facts sufficient to constitute a cause of action.   Each of these demurrers was sustained by the trial court, and, the plaintiff refusing to amend and electing to stand upon its petition, judgment was entered against it dismissing the cause and for costs.

It is admitted in the petition that the property was subject to assessments for the improvements, but it is contended that the assessments were void on the ground that they were made before the improvements were completed.   And it is also contended that the assessments were made on the 29th of November, 1910, while the paving was not completed and accepted until May 29, 1911, and that interest on the amount of the assessment could not be collected for the period between the date of the assessment and the time of the completion and acceptance of the work.   The power of the city to make the assessments and the regularity of the procedure followed in making same are not questioned.

The statute (article 5, c. 14, Snyder's Comp. Laws 1909, being sections 722 to 733, inclusive) authorizing street improvements to be made seems to be a complete answer to the plaintiff in error's contention, and to sustain the ruling of the trial court complained of. The procedure set out in this statute clearly contemplates, if it does not expressly provide, that the assessment of benefits on account of the proposed improvement shall be made against the adjoining property before such improvements are actually made or completed. The assessment and the lien against the adjoining property is the only guaranty the contractor has that he will be paid for making the improvement, and it is upon the faith of the assessment that he is warranted in incurring the expense of making and completing such improvement. In section 726 it is provided that when the proposed improvement has been authorized, and a contract let for making the same, the "assessments in conformity to said appraisement and apportionment as corrected and confirmed by the council shall be payable in ten equal * * * installments, and shall bear interest at the rate of 7 per cent. per annum until paid, payable in each year at such time as the several installments of the assessments are made payable each year."

The statute further provides that the owners of property so assessed shall be allowed to make payment of their respective assessments without interest within the period of 30 days after the date of the passage of the assessment ordinance. It is true that this statute does not provide in express terms that the assessments shall bear interest from the date of the passage of the assessment ordinance, but it does provide that:

"Such special assessment and each installment thereof are hereby declared to be a lien against the lots and tracts of land so assessed, from the date of the ordinance levying the same," etc.

It was the obvious purpose of the Legislature, in enacting this statute, to provide that, if the assessments were not paid within 30 days after the date of the passage of the assessment ordinance, then the same should bear interest at the rate of 7 per cent. per annum from such date. The right of the Legislature to so provide is sustained in *Shultz v. Ritterbusch,* 38 Okla. 478, 134 Pac. 961.

Again, the ruling of the trial court is sustained by the opinion of the court in the case of *Weaver et al. v. City of Chickasha,* 36 Okla. 226, 128 Pac. 305. The third paragraph of the syllabus of this case reads as follows:

"Property owners in a street improvement district, with knowledge that the streets are being graded and otherwise improved by a contractor, with the intention that a special tax be levied against their property for the payment of the same, who permit such improvement to be done, and stand by and see it proceeded with, without objection to the council, and receive the benefits to their property, will be deemed, when afterwards they seek relief in equity from the payment thereof, to have ratified same, and to be estopped from setting up any irregularity, except such as goes to the extent of jurisdiction."

This action was not commenced until December 2, 1911, and it appears from the petition that the paving had been completed and accepted on May 29, 1911. What is said by Mr. Justice Hardy in rendering the opinion of the court in *Norris v. City of Lawton,* 47 Okla. 213, 148 Pac. 123, is pertinent :

"It has been held a number of times that, where a city acquires jurisdiction for the purpose of constructing public improvements and to charge the cost thereof

against the property benefited in the manner provided by statute, a property owner who sits by while such work is being prosecuted, knowing that the same is being performed, and that the same will benefit his property, and * * * fails to appear at the proper time and present his objections, will not be permitted, after the work is completed, to obtain relief by injunction against assessments which have been levied upon his property to pay for the construction of the same."

See, also, *Paulsen v. City of El Reno*, 22 Okla. 734, 98 Pac. 958; *City of Muskogee v. Rambo*, 40 Okla. 672, 138 Pac. 567.

The exceptions are not well taken, and should be overruled.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.