### BARNETT et al. v. INCORPORATED TOWN OF WAYNOKA et al.

No. 19612. Opinion Filed Dec. 23, 1930.

Rehearing Denied March 24, 1931.

E. W. Snoddy, for plaintiffs in error.

W. T. McBride and Mauntel & Spellman, for defendants in error.

HEFNER, J. Wilbur Barnett et al., the plaintiffs in error herein, as plaintiffs, brought this suit against the incorporated town of Waynoka, the defendants in error herein, as defendants in the district court of Woods county, to enjoin the board of trustees of the town and the town clerk from issuing tax warrants against the property of the plaintiffs because of the construction of a certain district sewer in what was known as district No. 5.

It appears that on July 5, 1922, the trustees enacted an ordinance No. 85 creating a sanitary lateral sewer district and that the ordinance provided that the town clerk should advertise for sealed bids for the construction of the lateral sewer and that the advertisement should be published for ten days in a daily newspaper and that the town clerk should give in the notices the date when the bids would be opened and that the notices should advise all persons interested to appear and protest against the construction of said sewer at said time. The notices published were not published in a daily newspaper, but were published in the Woods County Enterprise, in Waynoka, a weekly newspaper. There was no daily newspaper published in Waynoka and the Enterprise was the only newspaper that was published in the town.

The work was all done and completed and accepted by the town before this suit was brought.

Our statutes provide that an ordinance must be passed creating sewer and lateral districts, and section 4521, C. O. S. 1921, is as follows:

The "style of all ordinances shall be:

" 'Be it ordained by the Mayor and Councilmen of the city of _____.'

"And all ordinances shall be published as soon as practicable after they are passed, in some newspaper printed within the city, or if no paper be published in said city, then in some paper having a general circulation therein, or by ten written or printed handbills, posted up at as many public places, or in pamphlet form, to be distributed or sold, as may be provided by ordinance; and no ordinance having any object beyond the bare appropriation of money shall be in force until published, as herein provided. One publication in a newspaper of said city shall be sufficient, and the publisher thereof shall prefix to every ordinance a line in brackets, stating correctly the date of said publication thus (published _____), giving the month, day and year of the publication," etc.

The ordinance was properly published. The jurisdiction depends upon the proper passage and publication of the ordinance, and when it was properly passed and published, the town acquired jurisdiction. This ordinance gave the town board jurisdiction, and there were no protests from the property owners. The notice of the passage of the ordinance and the notice required for the letting of contracts for sewers are two different things. Section 4521, supra, provides for the publication of the ordinance, and section 4405, C. O. S. 1921, provides for the notice that should be given for the letting of the contract. Upon the completion of the plans and specifications and their adoption by the board, this statute requires that the board shall advertise for sealed bids for the performance of the work for at least ten days when published in a daily newspaper or at least two weeks if published in a weekly newspaper.

The statute, in part, is as follows:

"Whenever the mayor and council or the board of trustees shall deem any district sewer necessary, they may without the petition hereinbefore provided for proceed with such work and shall cause to be prepared sections, profiles, and specifications for the work, together with a complete estimate of the costs. And the mayor and council or the board of trustees shall have the power to adopt any material or methods for the construction of such sewers and to have such plans prepared in accordance with its directions as to the kind of material used. Upon the completion of the plans and specifications and their adoption by the mayor and council, or the board of trustees, they shall advertise for sealed bids for the performance of such work, for at least ten days if published in a daily newspaper, or at least two weeks if published in a weekly newspaper, which paper shall be of general circulation in the city, and which notice may contain any reasonable conditions to be imposed by the mayor and council or the board of trustees with reference to the letting of such contract, and may require the giving of a good and sufficient bond for the faithful execution of the work, and for the protection of the city and all property owners against any loss or damage by the negligent execution of such work. The notice shall also advise all parties interested that they may appear and protest against said proposed improvement, or, any part thereof. At the time and place specified in the

notice, the mayor and council. or the board of trustees shall, if they find such improvement necessary and proper, award the contract to the lowest and best bidder for the work, which contract shall in no case exceed the aggregate estimate of costs submitted with the plans and specifications, and shall be subject to the right of the mayor and council or the board of trustees to reject any and all bids and to re-advertise for other bids when none of the same are, in their judgment, satisfactory."

The notice was published in two of the issues of the Woods County Enterprise; the first publication was on the 14th day of July, 1922, and the last publication on the 21st day of July, 1922. The first publication was but ten days prior to the date the contract was let.

It is the contention of plaintiffs that the preliminary ordinance No. 85 and the notice to contractors and to property owners was jurisdictional, and that if the statute with reference to notice to property owners is not strictly complied with, all of the subsequent proceedings are void. The thing that gives jurisdiction to the city to proceed in the construction of a sewer is the proper passage and publication of the ordinance. That was done. There is no contention that everybody in the town did not have notice nor that anyone was misled by the notice. The property owners did have notice; they did not protest, although the notice invited them to do so. We think the facts of this case bring it within the rule announced in the case of Bartlesville v. Keeler, 107 Okla. 14, 229 Pac. 450, in which this court said:

"Where an ordinance is passed by the legislative body of the municipality, and shows on its face the plain intention to carry out the provisions of the statute relative to the construction of a district sewer, although it may be defective in detail, if the same is published as provided for by statute and is sufficient to give the property owners notice that the district sewer is to be constructed and will be constructed unless the statutory per cent. of the proprietors located in the district protest against the same, and no protests are filed but the sewer is constructed without objection by the property owners, such ordinance is sufficient to give the city authorities jurisdiction and power to make a valid and binding contract for building the sewer."

The town board passed the jurisdictional ordinance, which was properly published, and it shows on its face the plain intention to carry out the provision of the statute relative to the construction of the sewer, and the same was published for two weeks in the weekly newspaper, and under the rule announced by this court in the case of City of Muskogee v. Rambo, 40 Okla. 672, 138 Pac. 567, we think was sufficient to give the town authorities jurisdiction. There the court said:

"Under chapter 15, art. 15, Comp. Laws Okla. 1909, the passage and publication of the ordinance. of necessity pursuant to section 989 of said act (which is section 4405 of 1921, C. O. S.) confers jurisdiction upon the municipal authorities of cities having a population of not less than 1,000 persons to establish a sewer district * * * therein, and to provide that the cost of such district sewer shall be apportioned against all the lots or pieces of ground in such district, exclusive of the public highways, and to levy and assess a special tax by ordinance against each lot or piece of ground within the district to pay for the construction of such sewer."

The notice was sufficient to give the property owners notice that the sewer was to be constructed and that it would be constructed unless the statutory per cent. of the property owners protested against the same, and no protests were filed, but the sewer was constructed without objection by the property owners. We think the facts in this case were sufficient to give the town authorities jurisdiction and power to make a binding contract for constructing the sewer.

It is true that the ordinance provided that the notice should be published in a daily paper. But in fact there was no daily paper in the town and it was published two weeks in the weekly paper.

A temporary injunction restraining the defendants from collecting the sewer assessments had been granted and on the final hearing thereon, after hearing all the evidence, the trial court dissolved the temporary injunction and made a general finding in favor of the defendants. Under the facts presented by this record, we think the action of the trial court was correct, and its judgment is affirmed.

LESTER, V. C. J., and CLARK, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, RILEY, and CULLISON, JJ., absent.